## Chicago City Railway Company v. Kate Heydenburg.

### Gen. No. 11,574.

1. EVIDENCE—*when prejudicial to traction company.* Evidence to the effect that the company caused a representative to call upon a witness of the plaintiff and to talk with her in regard to the accident is immaterial where it appeared that no undue influence was employed or wrong committed, and its admission is prejudicial to the defendant.

2. REMARKS OF COUNSEL—*when ground for reversal.* Remarks of counsel to the effect that the defendant sought to change the testimony of a witness of the plaintiff by threatening her son with discharge from its employ, is improper and ground for reversal, where there is no evidence tending to support such a charge.

3. INSTRUCTION—*when modification of, not improper.* Held, not error to strike out from an instruction words which were merely descriptive of the manner of doing the substantive act of negligence charged in the declaration.

Action on the case for personal injuries, Appeal from the Circuit Court of Cook County; the HON. EDMUND BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term,1903. Reversed and remanded. Opinion filed March 7, 1905.

**Statement by the Court.** This is an appeal from a judgment for personal injuries.

On the evening of October 25, 1899, appellee became a passenger of appellant, a carrier of passengers, at the corner of Clark and Madison streets, in the city of Chicago, for transportation to her home on 49th place, near Halsted street. 49th place is the first street south of 49th street 49th street is occupied mostly by the tracks of the Grand Trunk Railway. Halsted street, on which the car was running at the time of the accident, intersects these streets at right angles.

Appellee had been shopping, and carried in her hands several bundles, which she held in her lap while sitting in the car. She carried them in her hands and under her arms when seeking egress from the car and when the accident happened. When the car reached 49th street it was crowded with passengers, the aisle in the centre of the car and the front and rear platforms being occupied by standing passengers. At 49th street the car stopped. When it started again and had passed over the rails of the Grand Trunk tracks, appellee arose from her seat, not far from the front end of the car, and made her way through the crowd to the front door of the car and stepped out upon the front platform. She testified that she asked the motorman to stop at 49th place. Several witnesses for appellant testified that she asked the motorman to stop at 50th street. Appellee claims that the car came to a full stop at or near 49th place, and as she was in the act of descending to the ground from the step, the car suddenly started forward, throwing her from the car upon the ground. The car proceeded a few feet and stopped again, according to other witnesses for appellee.

Appellant claims by its testimony that appellee stepped out on the front platform when the car was at 49th place, and after standing there some seconds requested the motorman to stop at 50th street, and without waiting until 50th street was reached appellee stepped off the car while it was going; that thereupon the car was stopped quickly and that this was the first stop the car made after leaving 49th street.

The jury returned a verdict awarding appellee $6,000 damages.   The court below required the plaintiff to remit $1,000, which was done, and judgment was entered for $5,000.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

CHARLES H. MITCHELL, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellant assigns three reasons for reversing the judgment: (1) the verdict is not justified by the evidence; (2) there was error in the admission of improper evidence, and in the comments of counsel for appellee thereon; (3) that there was error in the modification of an instruction given to the jury.

As to the facts and circumstances of the accident, the evidence on the part of appellee consisted of the testimony of appellee, Michael Winkle, and Andrew F. Hughes. The testimony of appellee is inconsistent with itself in many material particulars.   It is, therefore, weak and unsatisfactory.   The testimony of Michael Winkle gives a different version of what transpired from that given by appellee.   His testimony is not clear.   In some particulars it appears to be improbable.   The story of the occurrence as narrated by Hughes differs materially from the stories of the other witnesses.   He did not see appellee step off the car, or see her fall.

Against this testimony, appellant produced nine witnesses, all of whom unite in saying that the car did not stop from the time it left the Grand Trunk crossing until after it had reached a point midway in the block between 49th place and 50th street, and after the accident in question had happened; and that it had passed the south line of 49th place before appellee requested the motorman to stop; and that the car was in motion when appellee alighted.   None of these witnesses, except the motorman and two conductors, were in the employ of appellant, and,

according to the record, had no interest in the case whatever. All of them were in good position for observing what transpired, and all appear to be entirely credible and trustworthy witnesses. We think the weight of this evidence is decidedly in favor of appellant, and therefore that the verdict should have been set aside by the Circuit Court.

Jesse S. Brown was called by appellee and testified that at the time of the accident he was working for appellant; that Mrs. Cole, a witness for appellee, was his mother. He told how he came to see McCulloch, superintendent for appellant; that McCulloch asked him if Mrs. Cole was his mother and if he knew appellee, to which he replied in the affirmative; that McCulloch then said to him that one of their agents had been to see his mother and that she had refused to talk with him, and that she seemed "sore" against the company and said, "Do you think it is right for us to employ a man when his mother feels that way against the company?" that McCulloch then told him to see Mr. Starring, their claim agent. This the witness did, and at the request of Starring, took a man out to see his mother, with whom she talked about the case. The court admitted the evidence of Brown over the objection of appellant. The testimony brought out from this witness was immaterial and irrelevant. The evidence itself, conceding it to be true, disclosed nothing wrong or improper, and amounted to nothing in the way of showing any undue influence over the witness, Mrs. Cole. The only effect of the evidence was to prejudice the minds of the jury against appellant, without there being any real ground or reason for such prejudice. The admission of this evidence was error.

The chief wrong, however, resulting from the error in admitting the evidence, was perpetrated by counsel for appellee in commenting upon the evidence in his address to the jury. Counsel for appellant objected to the comments, but the court ruled that he had a right to put a construction upon the evidence. Counsel for appellee said to the jury : "Now again, Mrs. Cole, one of our witnesses, gen-

tlemen! An honester, more straightforward mother in Israel never appeared in any tribunal on earth. She came and testified in behalf of Mrs. Heydenberg. You remember her story. No man that ever saw her testify would forget her demeanor or her frankness and honesty. They sought to change her testimony. How? By threatening her son with discharge, and one of their employees, unless he forced his mother by threat of his being discharged to comply with their request." There was no suggestion in the evidence of Brown upon the question of changing the testimony of Mrs. Cole; nor was there a suggestion of a threat to discharge the young man because his mother, Mrs. Cole, was to be a witness for appellee. The argument or comment was therefore without basis in the evidence, and it was well calculated to prejudice the minds of the jurors against appellant.

The modification of instruction numbered 28 requested by appellant, by striking out the words "suddenly" and "with a jerk" is assigned for error. The instruction tells the jury that they are not to consider the amount of plaintiff's damages until after they have determined "whether the plaintiff had proved by a preponderance of all the evidence the two following propositions: "(1) * * * and (2) that the car was standing still at the time plaintiff attempted to alight therefrom and was (suddenly) started (with a jerk) while she was so doing," etc. We do not think it was error to strike out of the instruction these words. They are merely descriptive of the manner of doing the substantive act of negligence charged in the declaration. The jury were told by the instruction that they were not to consider the question of damages, until they had determined that the defendant was guilty of negligence, and that the plaintiff was not guilty of any want of ordinary care for her own safety, which contributed to the injury. Appellee's theory of the case was and is that she was thrown off the car by its being started while she was in the act of alighting. Appellant's theory was and is that appellee stepped off of a moving car. The words

stricken out of the instruction are not essential to either theory of the case.

For the reasons stated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*